IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| CARL G. NETTLES | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-575 |
| WARDEN, FCC BEAUMONT LOW | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Carl G. Nettles, a prisoner previously confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the calculation of his federal sentence.

The petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Procedural History

On September 10, 2014, Petitioner was arrested by state authorities in Boone County, Missouri, for possession of methamphetamine in case number 14BA-CR02489-01. Petitioner was released on bond the same day.

On September 8, 2016, Petitioner was arrested by state authorities in St. Francois County, Missouri, for possession of a controlled substance in case number 17SF-CR00159-01. Petitioner remained in custody.

On September 19, 2016, Petitioner was taken into custody by state authorities in Washington County, Missouri, Petitioner had been previously charged with the offense of receiving stolen property in case number 16WA-CR00064-01. The offense had occurred in 2015, but Petitioner had not yet been arrested for the offense. Petitioner was released from custody on December 9, 2016, after he posted bond. On February 15, 2017, Petitioner was arrested for violating the conditions of his release, and he was returned to the custody of Washington County.

On July 24, 2017, Petitioner was sentenced to three years of imprisonment in case number 14BA-CR02489-01. Petitioner was sentenced to a concurrent ten-year sentence in case number 16WA-CR00064-01 on October 2, 2017.

On November 15, 2017, Petitioner was indicted on federal drug and firearm offenses in the Eastern District of Missouri. The indictment was based on events that took place in 2014. On December 5, 2017, Petitioner was taken into federal custody pursuant to a writ of habeas corpus ad prosequendum.

On May 4, 2018, Petitioner was sentenced to a four-year term of imprisonment in St. Francois County, Missouri, in case number 17SF-CR00159-01. The sentence was ordered to run concurrently with Petitioner's other state sentences.

On October 25, 2018, Petitioner was sentenced to 180 months of imprisonment on the federal charges. The sentence was ordered to run concurrently with Petitioner's state sentences. The next day, Petitioner was returned to state custody to serve the remainder of his state sentences. Petitioner was paroled on his state sentences on February 27, 2020, and he was released to exclusive federal jurisdiction to serve his federal sentence.

After he was taken into federal custody, the Bureau of Prisons designated the state prison as the facility where Petitioner's federal sentence would be served and determined that Petitioner's federal sentence began to run on October 25, 2018, the date it was imposed. Petitioner received presentence credit for time spent in state custody on September 10, 2014, and from September 8, through September 18, 2016, because that time was not credited toward Petitioner's state sentences. Although Petitioner received presentence credit toward his state sentences from September 19, 2016, through December 9, 2016, and from February 15, 2017, through July 23, 2017, Petitioner was also granted credit toward his federal sentence for that time. *See Willis v. United States*, 438 F.2d 923, 925 (5th Cir. 1971). The Bureau of Prisons determined that the expiration date of Petitioner's federal sentence is November 26, 2030.

The Petition

Petitioner contends that the Bureau of Prisons should award him credit for 459 days he spent in the Missouri state prison system.

Standard of Review

*Motion to Dismiss*

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint if it fails to state a claim upon which relief may be granted. A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. The plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Motion for Summary Judgment*

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. PRO. 56(a). A fact is material if it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 427 (5th Cir. 2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Instone Travel Tech*, 334 F.3d at 427.

The party seeking summary judgment bears the initial burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). After a proper motion for

summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine dispute for trial.  FED. R. CIV. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 994 F.3d 704, 708 (5th Cir. 2021); *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003).

Because summary judgment is a final adjudication on the merits, courts must employ the device cautiously.  *Hulsey v. Texas*, 929 F.2d 168, 170 (5th Cir. 1991).  In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations."  *Naranjo v. Thompson*, 809 F.3d 793, 806 (5th Cir. 2015) (*quoting Murrell v. Bennett,* 615 F.2d 306, 311 (5th Cir. 1980)).

Analysis

A federal sentence begins to run "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a); *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003).  A federal sentence cannot commence prior to the date it is imposed, even if it is ordered to run concurrently with a previously-imposed sentence.  *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980).

A defendant convicted of a federal crime is entitled to credit for certain time spent in official detention prior to the date the sentence begins.  The statute provides:

> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.  The statute authorizes credit only for time that has not been credited toward another sentence.  *United States v. Wilson*, 503 U.S. 329, 334 (1992). The Attorney General, through the Bureau of Prisons, determines what credit should be awarded to prisoners for time spent in

custody prior to the commencement of their federal sentences. *Wilson*, 503 U.S. at 333-34; *Leal,* 341 F.3d at 428.

The Bureau of Prisons correctly concluded that the petitioner's sentence commenced on October 25, 2018, the date on which he was sentenced because the state prison was designated as the place for service of Petitioner's federal sentence until Petitioner was taken into exclusive federal custody. Petitioner received credit for twelve days of presentence jail time that was not credited toward his state sentences. Specifically, Petitioner received credit for September 10, 2014; and for September 8, 2016, through September 18, 2016.

Petitioner was also granted presentence credit pursuant to *Willis v. United States*, 438 F.2d 923, 925 (5th Cir. 1971), even though the time had been credited toward his state sentences. In *Willis v. United States*, the United States Court of Appeals for the Fifth Circuit held that prisoners may receive presentence credit toward a federal sentence running concurrently with a state sentence if the expiration date of the state sentence is the same or earlier than the expiration date of the federal sentence. *Willis v. United States*, 438 F.2d 923, 925 (5th Cir. 1971); *see also Edison v. Berkebile*, 349 F. App'x 953, 956 (5th Cir. Oct. 22, 2009). In a situation where *Willis* applies, a prisoner receives credit for time spent in state custody from the date of the federal offense, until the date that the state sentence commences. *Id*. In this case, the Bureau of Prisons awarded Petitioner *Willis* credit from September 19, 2016, until he was released from state custody on bond on December 9, 2016. Petitioner also received *Willis* credit from February 15, 2017, when he was taken back into custody by state authorities, through July 23, 2017. Because Petitioner's first state sentence was imposed on July 24, 2017, he was not entitled to *Willis* credit after that date.

The Bureau of Prisons correctly calculated Petitioner's sentence. Therefore, he is not entitled to habeas relief.

## Recommendation

The petition for writ of habeas corpus should be denied.

Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 5th day of March, 2024.

_____
Zack Hawthorn
United States Magistrate Judge