IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| CARL G. NETTLES | § | |
| VS. | § | CIVIL ACTION NO.  1:22-CV-575 |
| F. J. GARRIDO | § | |

### ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Carl G. Nettles, a prisoner previously confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

The Court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The magistrate judge recommends denying the petition.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence.  Petitioner filed objections to the Report and Recommendation.

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law.  *See* FED. R. CIV. P. 72(b).  The magistrate judge correctly concluded that the Bureau of Prisons accurately calculated Petitioner's federal sentence.  Petitioner now argues that his federal sentence should have been reduced pursuant to § 5G1.3(c) of the United States Sentencing Guidelines to grant credit toward his federal sentence for time credited to a related sentence imposed by a state court.  This claim does not challenge the manner in which Petitioner's sentence is being

executed or calculated by the Bureau of Prisons. Rather, Petitioner is attacking the legality of the sentence as imposed, based on the sentencing court's alleged failure to apply a provision of the Sentencing Guidelines to reduce Petitioner's federal sentence.

A challenge to a federal sentence generally must be brought under 28 U.S.C. § 2255, not in a § 2241 petition. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). The "savings clause"of § 2255 allows a prisoner to use § 2241 as the vehicle for attacking a federal conviction only if it appears that the remedy by § 2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The savings clause allows a petitioner to challenge a federal conviction or sentence under § 2241 only "in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court...." *Jones v. Hendrix*, 599 U.S. 465, 478 (2023). The Supreme Court identified two examples of circumstances warranting application of the savings clause: (1) if the sentencing court had been dissolved, and (2) if it is impracticable for the sentencing court to hear the matter for reasons such as the inability of the petitioner to be present at a hearing. *Id*. at 474-75. Petitioner's claim concerning the application of the Sentencing Guidelines does not rise to the level of "unusual circumstances" that would allow him to pursue that claim in a § 2241 petition.

<u>ORDER</u>

Accordingly, Petitioner's Objections [Dkt. 21] are OVERRULED. The findings of fact and the conclusions of law of the magistrate judge are correct, and the magistrate judge's Report and

Recommendation [Dkt. 17] is ADOPTED. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

**SIGNED this 12th day of March, 2026.**

_____
Michael J. Truncale
United States District Judge